# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(E-Filed: January 9, 2014)

```
* * * * * * * * * * * *   *
CHARLENE CATRON                *     No. 11-552V
                               *
            Petitioner,        *     Special Master
                               *     Hamilton-Fieldman
v.                             *
                               *     Stipulation; Influenza Vaccine;
SECRETARY OF HEALTH            *     Guillain-Barré Syndrome
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
* * * * * * * * * * * *   *
```

## UNPUBLISHED DECISION[1]

On December 12, 2013, respondent filed a joint stipulation concerning the petition for compensation filed by Charlene Catron on August 31, 2013. In her petition, petitioner alleged that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on January 21, 2010, caused her to suffer Guillain-Barré syndrome ("GBS"). Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition. Stipulation at ¶¶ 2, 4, 5.

Respondent denies that the influenza vaccine caused petitioner to suffer GBS or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as

---

[1]     Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" order will be available to the public. *Id.*

Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $500,000.00 in the form of a check payable to petitioner, Charlene Catron. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 11-552V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Camille Collett, at (202) 357-6361.

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[2]     Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHARLENE CATRON, | ) |
| | ) |
| Petitioner, | ) No. 11-552V |
| | ) Special Master |
| v. | ) Hamilton-Fieldman |
| | ) ECF |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Charlene Catron, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to - 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a seasonal flu immunization on January 21, 2010.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered Guillain-Barre syndrome ("GBS") as the result of the administration of the flu vaccine, and that she experienced residual effects of this injury for more than six months.

---

[1] Petitioner also received a monovalent H1N1 influenza vaccine ("H1N1") on January 21, 2010. This vaccine, however, is not covered under the Vaccine Program. See 42 U.S.C. § 300aa-14 and 42 C.F.R. §100.3(a). The H1N1 vaccine is covered under the Countermeasures Injury Compensation Program ("CICP"). See 42 U.S.C. 427d-6a; 77 Fed. Reg. 13329 (Mar. 6, 2012).

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner's GBS, or any other injury, and denies that her current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $500,000.00 in the form of a check payable to petitioner, Charlene Catron. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health

2

benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or

by entities that provide health services on a pre-paid basis.

11. The payment made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award

for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided

pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C.

§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her

individual capacity and on behalf of her heirs, executors, administrators, successors or assigns,

(a) does forever irrevocably and unconditionally release, acquit and discharge the United

States and the Secretary of Health and Human Services from any and all actions or causes of

action (including agreements, judgments, claims, damages, loss of services, expenses and all

demands of whatever kind or nature) that have been brought, could have been brought, or could

be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to or death of

petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on

January 21, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about

August 30, 2011, in the United States Court of Federal Claims as petition No. 11-552V; and,

3

(b) waives any and all rights to any compensation that may be available under the Countermeasures Injury Compensation Program, 42 U.S.C. § 247d-6e (or an action under 42 U.S.C. § 2476d(d)), for a claim alleging that a covered countermeasure, on its own or in combination with the seasonal flu vaccination administered on January 21, 2010, caused the same injuries that were the subject of the petition for vaccine compensation filed on or about August 30, 2011, in the United States Court of Federal Claims as petition 11-552V, specifically GBS, for which petitioner will receive compensation pursuant to this stipulation.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the

4

Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS, or any other injury or her current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

5

Respectfully submitted,

PETITIONER:

CHARLENE CATRON

ATTORNEY OF RECORD FOR
PETITIONER:

ANNE TOALE,
Maglio, Christopher, Toale
1751 Mound Street
Second Floor
Sarasota, Florida  34236
(941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D.
Acting Director, Division of
Vaccine Injury Compensation
Director, Countermeasures
Injury Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: Dec 12, 2013

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4133

6